Stewart, J.
There is little dispute as to the facts upon which this action is based.
In November 1951, a check in the amount of $34.05, with Borden’s Moores & Ross as drawer and plaintiff as payee, was cashed at defendant’s Sohio service station.
Plaintiff’s name was endorsed on the check. Defendant cashed the check, but during the same month it was returned to him with an affidavit of forgery made by plaintiff. Defendant telephoned plaintiff and asked him to come to his service station to discuss the matter. Plaintiff agreed to come but did not do so, and, on a second request, plaintiff refused to come to defendant’s service station.
In the latter part of November 1951, defendant submitted the check, together with plaintiff’s affidavit of forgery, to a handwriting expert and sought his opinion as to whether plaintiff’s signature on the back of the check was a forgery. The handwriting expert concluded that there was a probability that both the affidavit of forgery and the endorsement on the check were executed by the same person. A later examination by the handwriting expert confirmed his original finding, and it was his opinion that the endorsement on the check and the signature of plaintiff in the affidavit of forgery were written by the same person.
On March 14, 1952, defendant filed an affidavit with a justice of the peace, charging plaintiff with the offense of unlawfully obtaining money from defendant by means of false pretenses and with intent to defraud.
On March 18, 1952, plaintiff was arrested and taken to the Franklin County jail where he was confined for about one hour and then released on bond.
*473 On March 20, 1952, a hearing was had before the justice of the peace, with defendant, plaintiff, plaintiff’s attorney, and the handwriting expert being present. After the hearing, at which plaintiff pleaded not guilty but offered no testimony in his own behalf, he was bound over to the Franklin County Grand Jury, which returned a “no bill.”
There is but one error assigned in this court, and that is that the Court of Appeals erred in its holding that the trial court did not commit prejudicial error in its charge to the jury on the issue of damages, and the questions of law presented are: 1. In a malicious prosecution action may the question of punitive damages be submitted to the jury in the absence of proof of actual malice? 2. May the jury, as the Court of Appeals held, infer actual malice from a finding of want of probable cause and award punitive damages if it sees fit to do so? 3. In a malicious prosecution action, is it not the law of Ohio that attorney fees for the prosecution of the malicious prosecution action may be awarded if, and only if, the jury should find the case to be a proper one for an award of punitive or exemplary damages ?
Although there is a difference of opinion in the various states as to whether punitive damages may ever be awarded in a civil action, Ohio, at an early date, enunciated the doctrine that under certain circumstances such damages may be awarded.
In Roberts v. Mason, 10 Ohio St., 277, the syllabus reads as follows:
“1. In an action to recover damages for a tort which involves the ingredients of fraud, malice, or insult, a jury may go beyond the rule of mere compensation to the party aggrieved, and award exemplary or punitive damages; and this they may do, although the defendant may have been punished criminally for the same wrong.
“2. In such a case, the jury may, in their estimate of compensatory damages, take into consideration and include reasonable fees of counsel employed by the plaintiff in the prosecution of his action.”
In the opinion in that case it is stated that “in actions ex contractu, and in cases nominally in tort, but where no wrong in the moral sense of the term is complained of, the fees of *474 counsel ought not to be included in the estimate of damages; but in cases where the act complained of is tainted by fraud, or involves an ingredient of malice, or insult, the jury, which has power to punish, has necessarily the right to include the consideration of proper and reasonable counsel fees in their estimate of damages.”
Chief Justice Brinkerhoff said further that “it is at least questionable whether evidence of the criminal conviction was not, as being res inter alios acta, entirely incompetent.”
In the foregoing statement the law was announced that, in order to justify a jury in awarding punitive damages within its discretion, there must be the ingredient of fraud, malice, or insult. Punitive damages may be awarded only in reference to a tort and never in an action ex contractu. Ketcham v. Miller, 104 Ohio St., 372, 136 N. E., 145.
We are of the opinion that, before the question of punitive damages may be submitted to a jury, the fraud, malice, or insult connected with the tort must be actual and not imaginative.
In some cases, actual malice may be inferred from the mere happening of certain events. In Smithhisler v. Dutter, 157 Ohio St., 454, 105 N. E. (2d), 868, the syllabus reads as follows:
“1. In tort actions, the question of punitive damages may not ordinarily be submitted to a jury in the absence of actual malice.
“2. In an action for alienation of affections of a spouse, where the alienator’s only purpose was to acquire such affections for himself and his acts in accomplishing the alienation were wrongful, unlawful and intentional and the natural and probable result of the acts was the accomplishment of the alienation, malice may be implied as a justification for an award of punitive damages.”
In the opinion in that case, a statement of Judge Hart in his dissenting opinion in the case of Saberton v. Greenwald, 146 Ohio St., 414, 66 N. E. (2d), 224, 165 A. L. R., 599, upon which statement there was no division, is quoted with approval as follows:
“This court has, over the years, recognized the propriety of submitting to a jury the question of the assessment of punitive damages in certain tort eases where the defendant’s wrong *475 doing has been intentional and deliberate, or has the character of outrage frequently associated with crime.
“Not all tort actions are of such a character as to warrant the assessment of punitive damages. Generally the application of the doctrine is confined to cases where there is involved actual malice, interference with marital relations, or wanton personal injury, such as in cases of seduction, assault and battery, false imprisonment, or wrongful expulsion from public passenger vehicles or places of public entertainment.”
It is obvious that actual malice can be presumed in such cases. It would be difficult to imagine that one person would kick another downstairs as a mere pleasantry and without the elements of actual malice, hatred and ill will.
However, we are of the opinion that, in a case of malicious prosecution, actual malice must be shown in order to justify an award of punitive damages. Otherwise, there would be too great an inhibition upon the part of people to originate a prosecution for crime, and, in many cases, justice would' be defeated because of a fear of the risk in exposing a crime.
We are aware that it is rarely possible to prove actual malice otherwise than by conduct and surrounding circumstances. One who has committed an act would scarcely admit that he was malicious about it, and so, necessarily, malice can be inferred from conduct. If one is guilty of a malicious prosecution of another, wantonly, recklessly, and without justification, naturally actual malice can be inferred from such conduct, but, in order to show actual malice, there must be evidence from which it can reasonably be inferred. In the present case, the cheek ’which plaintiff cashed had all the appearance of being regular as to the endorsement thereon.
Plaintiff was importuned to come to defendant’s place of business to have the matter of the endorsement cleared up. He first agreed and then declined to do so. A handwriting expert was secured who gave as his opinion that the endorsement on the check was that of plaintiff, and, even though it was true that defendant desired to get his money, nevertheless, his causing the arrest of plaintiff was not without some justification and lacked the elements of wanton and reckless disregard of the consequences.
*476 The Court of Appeals said in its opinion that “we find no proof in the record of any actual malice toward this plaintiff; hence any found to exist must be inferred because of the lack of probable cause for the filing of the affidavit.”
In a malicious prosecution action, where there is no evidence of actual malice, wantonness, and reckless disregard of the consequences or of hatred or ill will upon the part of defendant toward plaintiff, and where only legal malice and not actual malice is shown, then a charge on punitive damages is erroneous.
The trial court charged the jury, in part, as follows:
“Now, if you find that the plaintiff has proven by a preponderance of the evidence that the defendant acted without probable cause, and maliciously, the plaintiff is entitled to recover at your hand a verdict in such an amount as would compensate him for the damages which the evidence shows by its preponderance he has sustained. He would be entitled to recover for the expense he was put to in defending himself against the charge preferred in the justice of the peace court. He would be entitled to, and included in that would be the attorney fees and other expenses, and he would also be entitled to recover a reasonable attorney fee for the prosecution of this action. And if you find further that the defendant acted with actual malice, that is with ill will and vengeance, then you have a right to add to the compensatory damages what we call exemplary damages or punitive damages, as a punishment for a wrongful deed done maliciously, actually maliciously and without probable cause * # *.” (Emphasis ours.)
The part of the charge objected to is that concerning punitive damages, for the reason that defendant claims there is no evidence in the record showdng actual malice, ill will, or vengeance, and thus the jury was permitted, in its discretion, to add punitive to compensatory damages, without justification.
Certainly, if the record contains no evidence from which actual malice can be inferred, the charge on punitive damages was prejudicially erroneous. But, aside from that question, the court in its charge, before coming to the question of punitive damages, said that plaintiff would be entitled to recover for the expenses he incurred in defending himself against the charge *477 preferred before tbe justice of tbe peace (to which defendant makes no objection), and that plaintiff would be entitled to attorney fees and other expenses and would also be entitled to recover a reasonable attorney fee for the prosecution of this action.
Such a charge is highly erroneous. A plaintiff is not entitled to recover attorney fees for the prosecution of a malicious prosecution action, where only compensatory damages are involved, and is entitled to such attorney fees only where punitive damages are awarded. It is true that such attorney fees are part of compensatory damages, but they can not be awarded unless punitive damages are awarded.
We are of the opinion that, although the trial court properly charged on the question of punitive damages, if such were involved, the record here does not show actual malice on the part of defendant, and that the trial court did commit prejudicial error in charging that plaintiff might recover his attorney fees for prosecuting this action, without regard as to whether punitive damages were involved. If plaintiff proves his cause of action, he may recover compensatory damages, which would include not only payment for his humiliation and shame but for his expense in defending himself before the justice of the peace.
In view of what we have said, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for a new trial.

Judgment reversed and cause remanded.

Weygandt, C. J., Zimmerman, Taft, Matthias and Herbert, JJ., concur.
Bell, J., not participating.